**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Luis I. Hernandez, Sr., | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, Warden, North | ) | |
| Dakota State Penitentiary, | ) | Case No. 1:07-cv-056 |
| | ) | |
| Respondent. | ) | |

_____

On August 24, 2007, the petitioner, Luis Hernandez, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. See Docket No. 1. On October 26, 2007, the respondent, Timothy Schuetzle, filed a motion to dismiss the petition. See Docket No. 7. Magistrate Judge Charles S. Miller, Jr. reviewed Hernandez's petition, the motion to dismiss, and the pleadings, and on November 24, 2008, entered an "Order Granting Request to Amend and Report and Recommendation." See Docket No. 22.

Judge Miller ordered that Hernandez's petition be amended to include two claims for ineffective assistance of counsel:  (1) that defense counsel failed to object to physician testimony on hearsay and Confrontation Clause grounds and (2) that defense counsel opened the door to the introduction of prior uncharged conduct evidence. Judge Miller recommended that Schuetzle's motion to dismiss be granted and that Hernandez's Section 2254 petition be denied. Judge Miller further recommended that a certificate of appealability not be issued with respect to any of the issues raised.  Hernandez was given twenty (20) days to file an objection to the Report and Recommendation.

On December 10, 2008, Hernandez filed a motion for an extension of time to file an objection.  See Docket 23.  The Court granted the motion and gave Hernandez until January 16, 2009, to file an objection.  Hernandez filed an objection on January 21, 2009.  See Docket No. 25.

Hernandez's filing entitled "Objection to Report and Recommendation" appears to be a restatement of his claims for habeas corpus relief as opposed to an objection to Judge Miller's analysis and recommendation.  Hernandez requests that the Court "go against Magistrate Judge Miller's Report and Recommendation and make up [its] own mind about the facts through the documents presented."  See Docket No. 25.

On January 28, 2009, Schuetzle filed a "Response to Objection to the United States Magistrate Judge's Report and Recommendation."  See Docket No. 26.  Schuetzle reiterates the reasons why he believes Hernandez's habeas claim fails.  On February 10, 2009, Hernandez filed an "Answer to Response to Objection to Report and Recommendation."  See Docket No. 27.  In the answer, Hernandez "stands by his arguments made in his Objection to Report and Recommendation."  See Docket No. 27.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be thorough and persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 22) in its entirety, **DENIES** Hernandez's 28 U.S.C. § 2254 petition (Docket No. 1), and **GRANTS** Schuetzle's Motion to Dismiss (Docket No. 7).

In addition, the Court certifies that an appeal from the denial of this petition may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Based on the entire record before the

Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[1]

**IT IS SO ORDERED**.

Dated this 17th day of February, 2009.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue certificates of appealability under 28 U.S.C. § 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).